FILED
SUPERIOR COURT
OF GUAM

2021 FEB -2 PM 5: 06

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0504-19**<br>**GPD Report No.** |
| Plaintiff, | |
| **vs.** | |
| **DANIEL CLINTON QUINATA FEJERANG,**<br>DOB: 11/30/1987 | **DECISION AND ORDER**<br>**(Defendant's Motion for**<br>**Civil Compromise)** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Dana A. Gutierrez on December 11, 2020 for a hearing on Defendant Daniel Clinton Quinata Fejerang's Motion for Civil Compromise. Present via Zoom were Defendant Daniel Clinton Quinata Fejerang ("Defendant"); Attorney Kathleen Aguon of the Public Defender Service Corporation representing Defendant; and Assistant Attorney General Richelle Canto representing the People of Guam (the "People"). The Motion was unopposed by the People. The Court now issues this Decision and Order **GRANTING** Defendant's Motion for Civil Compromise and dismissing the case with prejudice.

### BACKGROUND

On November 6, 2020, Defendant filed the instant Motion for Civil Compromise. On November 12, 2019, Defendant was charged, by Magistrate's Complaint, with Criminal Mischief (As a Misdemeanor), and two charges of Criminal Trespass (As a Petty Misdemeanor).

Magistrate's Compl. (Nov. 12, 2019). On December 2, 2020, Onward Mangilao Golf Course, Inc. ("Victim") filed an Amended Declaration of Duly Authorized Representative. The Amended Declaration stated "it [the victim] has received satisfaction for the injury and harm to its property, and does not object to dismissal of this case by way of the Civil Compromise statute." Am. Decl. of Duly Authorized Representative ¶ 4 (Dec. 2, 2020). The People did not oppose the Motion. Min. Entry, at 1:21:12 PM (Dec. 11, 2020). The Court heard the Motion on December 11, 2020 and took the matter under advisement.

## DISCUSSION

Defendant moves the Court to dismiss the instant Magistrate's Complaint pursuant to 8 GCA § 80.90. *See* Mot. for Civil Compromise, at 4 (Nov. 6, 2020). Defendant's Motion is based upon the Amended Declaration filed on behalf of the alleged Victim. Am. Decl. of Duly Authorized Representative (Dec. 2, 2020). Guam's Criminal Procedure Code provides that a court may order a criminal action dismissed, "[w]hen the defendant has been charged with the commission of an offense which is not a felony for which the person the person injured by the act constituting the offense has a remedy by a civil action," and "[when] the person injured appears before, or files his declaration in, the court in which the criminal action is pending . . . and acknowledges that he has received satisfaction for the injury." 8 GCA § 80.90(a) and (b). Further, "dismissal under this Section is a bar to another prosecution for the same offense." 8 GCA § 80.90(c).

Title 8 GCA § 80.90 is based on former California Penal Code §§ 1377 and 1378. *See* 8 GCA § 80.90, Note; *Compare* 8 GCA § 80.90 *with* Cal. Penal Code §§ 1377 and 1378. Thus, California case law interpreting §§ 1377 and 1378 are persuasive to interpreting Title 8 GCA §

2

80.90. *See Cruz v. Cruz*, 2005 Guam 3, ¶ 9; *see also People v. Hall*, 2004 Guam 12, ¶ 18; *Fajardo v. Liberty House Guam*, 2000 Guam 4, ¶ 17.

It is undisputed that Defendant was charged with three misdemeanors and not any felonies. *See* Magistrate's Compl. (Nov. 12, 2019). Likewise, it is undisputed that the alleged Victim filed a declaration, stating "it has received satisfaction for the injury and harm to its property." Am. Decl. of Duly Authorized Representative ¶ 4 (Dec. 2, 2020). Therefore, the only remaining questions are: (1) whether the charged offenses "have a remedy by civil action," (2) whether the satisfaction received was adequate, and (3) whether the Court should exercise its discretion in dismissing this case. 8 GCA § 80.90(a) and (b).

## I.    The Charged Offenses Have a Civil Remedy.

A charged offense has a corresponding civil remedy if "the civil cause of action shares a common element with the criminal offense, compromise is available; overlapping, not full congruence, is required." *People v. Tischman,* 40 Cal. Rptr. 2d 650, 654 (Ct. App. 1995) (quoting *State ex rel. Fitch v. Roxbury Dist. Court,* 629 P.2d 1341, 1343-1344 (Wash. Ct. App. 1981)).

### A.    Criminal Trespass Has a Civil Remedy.

In Guam, criminal trespass is defined as, "[a] person commits an offense if, knowing that he is not licensed to do so, he enters or surreptitiously remains in any habitable property or building." 9 GCA § 37.30(a). Likewise, trespass has a common law civil remedy that requires, "the following elements: a) the tortfeasor intentionally; b) enters the land in possession of another . . . c) or remains on the land . . . ." *Guerrero v. DLB Const. Co.,* 1999 Guam 9 ¶ 16 (citing Restatement (Second) Torts § 158 (1988)). Here, both criminal and common law trespass require the entering of another's property, the knowledge or intent that they are not under license

to do so, and remaining on the property. Therefore, the act constituting criminal trespass has a civil remedy, and civil compromise is thereby allowed under Section 80.90(a).

### B. Criminal Mischief Has a Civil Remedy.

Defendant was also charged with Criminal Mischief. *See* Magistrate's Compl. (Nov. 12, 2019). Criminal mischief is defined as, "intentionally damag[ing] the property of another. " 9 GCA § 34.50(c). Guam recognizes the common law civil cause of action of conversion, whose "elements . . . are: (1) facts showing plaintiff's ownership or right of possession of the property; (2) defendant's wrongful act toward . . . the property, interfering with plaintiff's possession; and (3) damage to the plaintiff." *Adkins v. Suba*, 2011 WL 4443232 *10 (D. Guam 2011) (*reversed on other grounds*). As above, the criminal cause of action and the civil cause of action share common elements, including a wrongful act to the property of another. Therefore, the act constituting the charge of criminal mischief has a civil remedy, and civil compromise is thereby allowed under Section 80.90(a).

### II. The Satisfaction as Declared by the Alleged Victim is Adequate.

The Victim's Amended Declaration states, "it [the victim] has received satisfaction for the injury and harm to its property." Am. Decl. of Duly Authorized Representative ¶ 4 (Dec. 2, 2020). There is no indication about the nature of its satisfaction. However, Civil Compromise "does not in fact condition the approval of a compromise on the commencement of a civil action or on the resolution of such an action in any particular fashion . . . Nor does the statute specify that the victim's 'satisfaction for the injury' must arise from the institution of a civil action or what the nature or form of such a 'satisfaction' [may] be." *People v. Stephen*, 227 Cal. Rptr. 380, 388 (Ct. App. 1986).

In the absence of any indication that it was made involuntarily, the Court is in no position to second guess the alleged Victim's Amended Declaration that "it has received satisfaction." Am. Decl. of Duly Authorized Representative ¶ 4 (Dec. 2, 2020). Thus, the Court is satisfied that the requirements of the Civil Compromise statute are met. The Court must now determine whether it should exercise its discretion to dismiss the criminal action.

### III.     The Court, in Its Discretion, Dismisses the Criminal Action.

"[T]here are policy considerations favoring the vesting of discretion in the trial courts to compromise minor offenses . . . [including] a check and balance against the much greater discretionary power of the police to decide when to arrest and of the prosecutor when to prosecute." *Tischman,* 40 Cal. Rptr. 2d at 654 (quoting *State ex rel. Fitch,* 629 P.2d at 1343-1344). When deciding whether the Court should exercise its discretion, the appropriate factors to consider include: (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement agreement the injury to the public was fully vindicated; and (3) whether the victim's settlement was made voluntarily. *See People v. Moulton,* 182 Cal. Rptr. 761, 767-68 (Ct. App. 1982).

First, for the charged offenses—Criminal Trespass and Criminal Mischief—the civil injury is coextensive with the criminal violation. This is apparent from the availability of an adequate civil remedy. In analyzing the second factor, the seriousness of the injury and the circumstances of the offense are relevant. *Id.* at 768. The instant case concerns a misdemeanor that only resulted in a broken light fixture worth fifty dollars ($50.00). *See* Magistrate's Compl. (Nov. 12, 2019). In light of the minimal damage, the injury to the public was able to be fully vindicated through private settlement. Lastly, there is no indication that the settlement agreement was entered into involuntarily. In fact, the alleged Victim's Amended Declaration

specifically states that the Amended Declaration was provided voluntarily and without coercion. Am. Decl. of Duly Authorized Representative ¶ 5 (Dec. 2, 2020). Therefore, the Court finds that it should exercise its discretion to order the dismissal of the criminal charges with prejudice.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the Defendant's Motion for Civil Compromise. The case is hereby dismissed with prejudice.

**SO ORDERED** this 2nd day of February, 2021.

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

AG, PDSC

Date: 2/2/21   Time: 5:29 pm

Antonia Cruz
Deputy Clerk, Superior Court of Guam